IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHEILA HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13-CV-621 |
| ) | |
| STELLAR RECOVERY, INC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant(s) transact business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Sheila Hudson (hereafter referred to as "Plaintiff" and/or "Ms. Hudson") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant Stellar Recovery, Inc. (hereafter referred to as "Defendant" or "Defendant Stellar"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Florida, with its principal office located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216-8035 and maintains Business Filings Incorporated, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime prior to November 6, 2012, Plaintiff's debt was consigned, assigned or otherwise claimed to be transferred to Defendant Stellar, for collection from Plaintiff.

10. Defendant Stellar retained Buffaloe to further execute collection efforts regarding the above-referenced debt.

11. Within a year prior to the filing of this Complaint, on or about November 6, 2012, Defendant's agent, Buffaloe & Associates, (hereinafter referred to as "Buffaloe"), sent a collection letter dated November 6, 2012 to Ms. Hudson.

12. The November 6, 2012 collection letter from Buffaloe was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the November 6, 2012 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

13. The November 6, 2012 collection letter stated (a) that Buffaloe, Defendant's agent, and the current creditor on the account was Buffaloe; (b) Buffaloe's file number is T1211116; (c) the last four digits of Defendant Stellar's account were 4278; and (d) the Plaintiff owed a balance of $4,658.92. See Exhibit A.

14. Thereafter, Ms. Hudson received a subsequent collection letter from Buffaloe approximately one (1) month later dated December 26, 2012.

15. The December 26, 2012 collection letter from Buffaloe was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the December 26, 2012 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

16. The December 26, 2012 collection letter stated (a) that Buffaloe, Defendant's agent, and the current creditor on the account; (b) Buffaloe's file number is **T1211452**; (c) the last four digits of Defendant Stellar's account were 4278; and (d) the Plaintiff owed a balance of $5,279.90. See attached Exhibit B (emphasis added to original).

17. Plaintiff has made no payments to the above-referenced account since the November 6, 2012 collection correspondence.

18. Acting at the directive of its client, Buffaloe filed civil litigation in Knox County General Sessions Court against Ms. Hudson.

19. The Civil Warrant and Summons (collectively hereafter referred to as "Civil

Warrant") was filed against Ms. Hudson on May 2, 2013.  A copy of the Civil Warrant is attached hereto as Exhibit C and incorporated herein by reference.

20. The Civil Warrant asserted Ms. Hudson is indebted to Defendant Stellar, in the total amount of $3900.80 and specifically "For suit on a sworn account in the principal amount of $3900.80, plus court costs in the amount of $136.00, and service of process fees in the amount of $28.00."  See attached Exhibit C.

21. Also attached to the Civil Warrant was an Affidavit (hereinafter referred to as "Affidavit").  A copy of the Affidavit is attached hereto as Exhibit D and incorporated herein by reference.

22. The Affiant in the Affidavit, Garrett Schanck, asserts to be "COO" for Defendant Stellar and competent to testify to the matters set forth herein.

23. Garrett Schanck goes on to assert that:

- The undersigned <u>Garrett Schanck</u>, in my capacity as <u>COO</u> with the Plaintiff (Stellar), first being duly sworn, makes oath in accordance with <u>Tennessee Rules of Evidence, Rule 803(6)</u>, as follows:
- In my capacity with the plaintiff (Stellar), I have a business duty to record or transmit information and I am familiar with the books and records of my business and, in particular, I am familiar with the books and records as they pertain to the account of this defendant.
- The books and records referred to herein are made in the ordinary, customary, usual, and routine course of business and they are made at or near the time of the transaction to which they refer.
- Credit having been given for all payments and offsets, the account balance of <u>SHEILA HUDSON</u> is <u>$3,900.80</u>, and is true, just and owing.

See Exhibit D (emphasis in original).

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA include, but are not limited to, the collection of

4

amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692e(2).

25. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $4,658.92 is demanded in the Defendant's collection letter dated November 6, 2012; then the balance increases to $5,279.90 pursuant to Defendant's collection letter dated December 26, 2012; then the balance decreases to $3,900.80 pursuant to Defendant's Civil Warrant dated May 2, 2013.

26. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Ms. Hudson confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

27. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 91.455% based upon an annual percentage rate ("APR") from the November 6, 2012 collection letter demanding $4,658.92 to the December 26, 2012 collection letter demanding $5,279.90.

28. Ms. Hudson asserts that her interest rate on her HSBC Bank, N.A. account ending in 4278 was never 91.455% APR.

29. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and then decreasing the amount sought on the Civil Warrant, Defendant has confused Ms. Hudson as to what amount of money she owes on this account.

30. When Defendant realized it could not collect an unauthorized, inflated, balance amount, it then inexplicably decreased the amount sought in civil litigation brought before a Court.

31. Ms. Hudson asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

32. Ms. Hudson asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

33. Ms. Hudson further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

34. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

35. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

36. As a result of Defendant's actions, Ms. Hudson is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

37. The acts of Defendant constitute violations of the FDCPA. Violations by the

Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

38. Each letter from Buffaloe, Defendant's agent, demands a different amount from Ms. Hudson.

39. As more fully described in the first cause of action *supra*, a calculation of the time between the Buffaloe's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest.

40. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Ms. Hudson as to what amount of money she owes on this account.

41. Ms. Hudson is confused as to who she owes and what amount on this account since she has received various collection letters with varying balances and non-contractual interest rates applied.

42. As a result of Defendant's actions, Ms. Hudson is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

ADDITIONAL CAUSE OF ACTION BASED UPON AFFIANT NOT HAVING ADEQUATE RECORDS:

*RESPONDEAT SUPERIOR LIABILITY*

46. The acts and omissions of this individual Defendant, and other debt collectors employed as agents by Defendant Stellar, who communicated with Plaintiff as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Stellar.

47. The acts and omissions by this individual Defendant and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Stellar in collecting consumer debts.

48. By committing these acts and omissions against Plaintiff, this individual Defendant and other debt collectors were motivated to benefit their principal, Defendant Stellar.

49. Defendant Stellar is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney

8

Case 3:13-cv-00621-TAV-CCS   Document 1   Filed 10/11/13   Page 8 of 9   PageID #: 8

fee pursuant to 15 U.S.C. §1692k(a)(3);

d)   That the Court declare all defenses raised by Defendant to be insufficient; and

e)   That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 11th day of October, 2013.

SHEILA HUDSON


BY:   /s/ Brent Travis Strunk_____
      Brent Travis Strunk (BPR 023050)
      Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net